IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 3:04-CR-0135-H |
| | ) | No. 3:05-CV-1018-H |
| MARCUS TYKI HOPKINS, | ) | |
| ID # 32513-177, | ) | |
| Defendant/movant. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  Nature of the Case:**  This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255.

**B.  Parties**:  Movant is a federal prisoner currently incarcerated in the Federal Correctional Institute in Seagoville, Texas.  Respondent is the United States of America (the government).

**C.  Factual and Procedural History:**  On January 27, 2005, movant pled guilty to possession of a controlled substance with intent to distribute.  On April 29, 2005, the Court sentenced him to 189 months imprisonment.  On May 9, 2005, movant filed a notice of appeal.  On that same date, movant filed the instant motion to vacate.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  The Fifth Circuit, furthermore, has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending.  *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).  District courts "should not entertain a § 2255 motion during the pendency of a direct appeal because 'the disposition of the appeal may render the motion moot.'"  *United States v. Soliz*, Nos. 3:97-CR-409-P(17), 3:98-CV-3058-P, 1999 WL 420614, *1 (N.D. Tex. June 22, 1999). Thus, the Court should not entertain the motion while the appeal remains pending.  Disposition of the appeal by the Fifth Circuit could render the motion unnecessary.

## III.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  In view of the pending appeal before the Fifth Circuit Court of Appeals, the instant motion is entitled to no consideration on the merits, and the Court should summarily dismiss the motion to vacate.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 23rd day of May, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3