**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **3:04-CR-135-H** |
| | ) | **(3:05-CV-1139-H)** |
| **MARCUS TYKI HOPKINS, #32513-177.** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently confined at the Federal Correction Institution in Seagoville, Texas.

Statement of the Case:  On January 27, 2005, Movant pled guilty to Count 4 of the indictment, which charged him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On April 28, 2005, the District Court sentenced him to 189 months imprisonment and a five-year term of supervised release. The

remaining counts were dismissed on the government's motion.[1]  On May 9, 2005, Movant filed a notice of appeal and a motion to vacate sentence pursuant to § 2255.  See Hopkins v. USA, No. 05-10624, and Hopkins v. USA, No. 3:05cv1018-H  (N.D. Tex., Dallas Div.).  On May 23, 2005, Magistrate Judge Ramirez recommended that the § 2255 motion be dismissed because a direct appeal was pending before the Court of Appeals for the Fifth Circuit.

In the instant § 2255 motion, filed on June 2, 2005, Movant reasserts the ground alleged in his prior § 2255 motion –  namely that counsel failed to file an objection to the Presentence Investigation Report and failed to request a downward departure as Movant had requested him to do so.[2]

Findings and Conclusions:  The Fifth Circuit has long held that a district court should not entertain a § 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot."  Welsh v. United States, 404 F.2d 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327 (5th Cir. 1988); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972).  Accordingly, Movant's § 2255 motion should be dismissed without prejudice to Movant reasserting it after the Fifth Circuit has ruled on his pending direct appeal.

---

[1]     The District Court's written judgment was entered on the docket on May 2, 2005.

[2]     Unlike the first § 2255 motion, Movant submitted the present motion on the standard form for filing motions to vacate sentence pursuant to § 2255.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice to Movant reasserting it after the Fifth Circuit Court of Appeals has ruled on his direct appeal.

Signed this 13th day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.